JP

JUDGE SHAH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE WEISMAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **19 CR 307** |
| ) | |
| v. ) | Violation: Title 18, United States |
| ) | Code, Sections 1028A(a)(1) and 1347 |
| BRIAN WEINSTEIN ) | |

FILED

APR 04 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**COUNTS ONE THROUGH SIXTEEN**

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

<u>Background Concerning Medicare</u>

 a. Medicare was a Federal health care benefit program, as defined in Title 18, United States Code, Section 24(b), that provided free and below-cost health care benefits. The Centers for Medicare and Medicaid Services, also known as CMS, was a federal agency within the United States Department of Health and Human Services, which administered the Medicare program through its contractors.

 b. Part B of the Medicare program provided supplemental medical insurance for physician services, outpatient services, and certain home health and preventive services.

 c. Providers enrolled in Part B of the Medicare program submitted claims for reimbursement to Medicare using codes established by the American Medical Association, referred to as "CPT codes."

 d. Medicare paid claims for reimbursement for which a representation had been made that the services had actually been rendered.

Background Concerning Care Plan Oversight

e. The CPT code G0181 was for care plan oversight ("CPO") services, which were defined under Medicare regulations as the physician supervision of a patient receiving complex and/or multidisciplinary care as part of Medicare-covered services provided by a participating home health agency or Medicare approved hospice.

f. For CPT code G0181 to be billed properly, it was required, among other things, that the provider who billed CPO services: (i) must be the provider who furnished at least 30 minutes of CPO services within the calendar month for which payment was claimed; and (ii) must document in the patient's record the services furnished and the date and length of time associated with those services.

g. For CPT code G0181 to be billed properly, it was further required, among other things, that certain such services—such as time spent with the patient discussing adjustments to medication or treatment, time spent by staff getting or filing charts, and time spent telephoning routine prescriptions into pharmacies—must be provided in order to bill for CPO, but could not be counted towards the 30 minutes threshold for billing CPO.

Background Concerning Apollo and WEINSTEIN

h. Apollo Health, Inc. ("Apollo") was an Illinois corporation that arranged for physicians and mid-level practitioners to provide home visits to Medicare beneficiaries in and around the Northern District of Illinois.

    i. Apollo was an enrolled provider in the Medicare Part B program.

    j. Defendant BRIAN WEINSTEIN was the owner of Apollo and was licensed in the State of Illinois as a registered professional nurse, an advanced practice nurse, and an advanced practice nurse in controlled substances.

    k. Between in or about September 2014 and in or about April 2017, Apollo submitted to Medicare approximately 32,314 claims for reimbursement through Part B of the Medicare program, of which approximately 12,592 claims were for care plan oversight billed under CPT code G0181.

    l. Between in or about December 2014 and in or about March 2017, Medicare paid Apollo approximately $757,318.88 for care plan oversight billed under CPT code G0181.

  2. Beginning no later than in or about 2014 and continuing through in or about March 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRIAN WEINSTEIN

defendant herein, together with others known and unknown to the Grand Jury, participated in a scheme to defraud a health care benefit program, namely, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money under the custody and control of that program in connection with the delivery of payment for health care benefits and services, which scheme is further described below.

3. It was part of the scheme that defendant WEINSTEIN caused Apollo to submit claims that physicians and non-physician practitioners had provided oversight of home-health service care plans that met Medicare's requirements for billing under the CPT code G0181 when WEINSTEIN knew that:

   a. physicians and non-physician practitioners working at Apollo had not performed such oversight and/or documented in the patient's record the oversight services furnished and the date and length of time associated with those services;

   b. in some instances, the physician and non-physician practitioners did not even work for Apollo on the date of service listed on the claim; and

   c. in some instances, the physician or non-physician practitioners were simply the last Apollo provider who visited the patient, but had not performed any oversight of the patient's home-health service care plan.

4. It was further part of the scheme that defendant WEINSTEIN caused employees at Apollo to create documentation that made it appear that physicians and non-physician practitioners had provided oversight of home-health service care plans for specific patients, when WEINSTEIN knew that this documentation did not accurately reflect what the physicians and non-physician practitioners working at Apollo had actually done with regard to specific patients.

5. It was further part of the scheme that defendant WEINSTEIN misrepresented, concealed and hid, and cause to be misrepresented, concealed and hidden, the acts done and the purposes of the acts done in furtherance of the scheme.

6. On or about the dates set forth below, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRIAN WEINSTEIN,

defendant herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted claims to a health care benefit program, namely, the Medicare program, for care-plan oversight services that were not actually been rendered;

| COUNT | CLAIM DATE | DATE OF SERVICE | PROVIDER | PATIENT |
|---|---|---|---|---|
| One | 11/13/2015 | June 2015 | Nurse Practitioner LN | NM |
| Two | 11/13/2015 | October 2015 | Physician ZD | DM |
| Three | 11/19/2015 | February 2015 | Physician AG | NP |
| Four | 11/19/2015 | March 2015 | Physician AG | LP |
| Five | 12/8/2015 | November 2014 | Nurse Practitioner ST | LM |
| Six | 12/11/2015 | July 2015 | Physician JMJ | ER |
| Seven | 12/11/2015 | August 2015 | Physician JMJ | ER |
| Eight | 12/14/2015 | February 2015 | Nurse Practitioner ST | EM |
| Nine | 7/13/2016 | June 2016 | Physician ZD | SB |
| Ten | 7/13/2016 | June 2016 | Physician ZD | Darrell B. |
| Eleven | 7/13/2016 | June 2016 | Physician ZD | Darris B. |
| Twelve | 7/13/2016 | June 2016 | Physician ZD | VC |
| Thirteen | 10/24/2016 | September 2016 | Nurse Practitioner ST | PH |
| Fourteen | 10/27/2016 | August 2016 | Nurse Practitioner ST | PH |
| Fifteen | 12/12/2016 | November 2016 | Nurse Practitioner ST | ZD |
| Sixteen | 12/13/2016 | November 2016 | Nurse Practitioner ST | PH |

In violation of Title 18, United States Code, Section 1347.

## COUNT SEVENTEEN

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about November 13, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## BRIAN WEINSTEIN,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the National Provider Identifier number for Physician ZD, during and in relation to a felony, namely, a violation of Title 18, United States Code, Section 1347, as alleged in Count Two of the indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## **COUNT EIGHTEEN**

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about November 19, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### BRIAN WEINSTEIN,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the National Provider Identifier number for Physician AG, during and in relation to a felony, namely, a violation of Title 18, United States Code, Section 1347, as alleged in Count Three of the indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT NINETEEN

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about November 19, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### BRIAN WEINSTEIN,

defendant herein, did knowingly use without lawful authority a means of identification of another person, namely, the National Provider Identifier number for Physician AG, during and in relation to a felony, namely, a violation of Title 18, United States Code, Section 1347, as alleged in Count Four of the indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## **FORFEITURE ALLEGATION**

The SPECIAL DECEMBER 2017 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1347, as set forth in Counts 1-16 of this Indictment, defendant shall forfeit to the United States of America any property that constitutes and is derived, directly and indirectly, from the gross proceeds traceable to the commission of the offense, as provided in Title 18, United States Code, Section 982(a)(7).

2. The property to be forfeited includes, but is not limited to:

   a. approximately $48,412.99 seized by law enforcement on February 15, 2017, from Fifth Third Bank, account number XXXXX1462, held in the name of Apollo Health, Inc.; and

   b. a personal money judgment in the amount of approximately $757,318.88.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY