UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 307 |
| v. ) | |
| ) | Judge Manish S. Shah |
| BRIAN WEINSTEIN ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On April 4, 2019, an indictment was returned charging BRIAN WEINSTEIN with health care fraud, in violation of Title 18, United States Code, Section 1347 (Counts 1-16) and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1) (Counts 17-19). The indictment sought forfeiture to the United States of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in certain counts, including the health care fraud charges in Counts 1-16.

2. On March 21, 2023, pursuant to Fed. R. Crim. P. 11, defendant BRIAN WEINSTEIN entered a voluntary plea of guilty to Count One of the indictment,

thereby making certain property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

3. Pursuant to the terms of his plea agreement and as a result of his violation of Title 18, United States Code, Section 1347, defendant BRIAN WEINSTEIN agreed that funds in the amount of $757,318.88 are subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the health care fraud violation of conviction.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

5. Defendant BRIAN WEINSTEIN further agreed to the entry of a forfeiture judgment in the amount of $757,318.88 pursuant to Title 18, United States Code, Section 982(a)(7).

6. If any of the funds in the amount of $757,318.88 money judgment entered against defendant BRIAN WEINSTEIN, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. have been transferred or sold to, or deposited with, a third-party;

    c. have been placed beyond the jurisdiction of the Court;

    d. have been substantially diminished in value, or

  e. have been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant BRIAN WEINSTEIN up to the value of $757,318.88, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court.

  7. Since funds in the amount of the outstanding personal money judgment cannot be located to satisfy the personal money judgment, pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Fed. R. Crim. P. 32.2, the United States, upon motion before this Court, has the authority to forfeit substitute assets to satisfy the personal money judgment. Should assets become available to satisfy the personal money judgment in the future, the United States shall, at that time, file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property to satisfy the personal money judgment according to law.

  8. Pursuant to Title 18, United States Code, Section 982(a)(7) and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant BRIAN WEINSTEIN and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a personal money judgment against defendant BRIAN WEINSTEIN in the amount of $757,318.88 and enter a preliminary order of forfeiture against defendant BRIAN WEINSTEIN, in accordance with the draft preliminary order of forfeiture which is submitted herewith.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: /s/ Virginia Hancock
VIRGINIA HANCOCK
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street, Suite 500
Chicago, Illinois 60604
(312) 353-3500